Filing # 75024039 E-Filed 07/16/2018 04:52:15 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Chloe Speakman</u>
Plaintiff
vs.
<u>The Breakers of Palm Beach Inc</u>
Defendant

**II. TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPOSITE EXHIBIT "A"**

NOT A CERTIFIED COPY

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

- III. **REMEDIES SOUGHT** (check all that apply):
  - ☒ Monetary;
  - ☒ Non-monetary declaratory or injunctive relief;
  - ☒ Punitive

- IV. **NUMBER OF CAUSES OF ACTION: (   )**
  (Specify)

  2

- V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
  - ☐ Yes
  - ☒ No

- VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  - ☒ No
  - ☐ Yes – If "yes" list all related cases by name, case number and court:

- VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  - ☒ Yes
  - ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Christopher C Copeland         FL Bar No.: 938076
   Attorney or party                                                (Bar number, if attorney)

Christopher C Copeland        07/16/2018
   (Type or print name)                                             Date

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

Civil Division

CASE NO. _____

CHLOE SPEAKMAN,

    Plaintiff,

vs.

THE BREAKERS OF PALM BEACH, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, CHLOE SPEAKMAN ("SPEAKMAN" or "Plaintiff"), through counsel, files this Complaint suing the Defendant, THE BREAKERS OF PALM BEACH, INC. ("BREAKERS" or "Defendant"), and alleges:

### INTRODUCTION

1. Plaintiff, a former employee for the Defendant, brings this action against the Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq.; and, the Florida Civil Rights act §§760.01-760.11, Florida Statutes (2008).

### JURISDICTION AND VENUE

2. This is an action for damages exceeding $15,000.00 for discrimination in employment, based on Plaintiff's sex (Female/Pregnancy Status).

3. All material acts and occurrences described herein occurred within Palm Beach County, Florida.

4. SPEAKMAN is a female and at all relevant times was a resident of Palm Beach County, Florida.

5. The Defendant, BREAKERS, is a Florida corporation, doing business in Palm Beach County, Florida, which manages and a resort hotel and spa in Palm Beach County.

## FACTS

6. Plaintiff was first employed by the Defendant in or around February 18, 2016 and was terminated from her position of employment with Defendant on or about September 22, 2017.

7. Defendant at all times material hereto acted as the Plaintiff's employer and is solely liable and responsible for the damages sought herein.

8. At all times material hereto Plaintiff was employed by Defendant in the Design Studio at the BREAKERS located at One South County Road, Palm Beach, Florida 33480 as a Design Studio Manager. Plaintiff's direct supervisor and manager was at all relevant times Chris Casey.

9. Mr. Casey held and professed his belief in the workplace and constantly advised Plaintiff and others directly and/or indirectly that she or other women should not work if they plan on becoming pregnant or having children.

10. Sometime during the last year of her employment Plaintiff was witness to conversations whereby Mr. Casey expressed his frustration that a fellow female employee was out on maternity leave and expecting to give birth to a child when he said, among other things, "We are stuck with her now. We either deal with her or push her down the stairs." Mr. Casey would regularly make negative or derogatory remarks related to any female that was pregnant or out of work on maternity leave.

11. Mr. Casey would regularly express his frustration that female workers were allowed to take maternity leave, and give female employees a hard time whenever they sought or required an absence from work because of or related to their pregnancy, while males seeking leave for personal reasons were never questioned.

12. Prior to being fired, Plaintiff advised Mr. Casey that she and her husband were considering having another baby. Mr. Casey responded by advising Plaintiff that doing so was not a good idea and discouraged Plaintiff from doing so.

13. Approximately two weeks before being terminated, and after a fellow female worker returned from her maternity leave, Plaintiff advised Mr. Casey, and others at work, that she and her husband were going to start trying to have a baby immediately. Mr. Casey expressed no words of encouragement and seemed upset by that fact. Two weeks later, on or about September 22, 2017, Plaintiff was fired without cause, and without warning by Mr. Casey.

14. Plaintiff was advised at the time of her termination that she was being fired for work performance related issues. Such assertions are false as Plaintiff outperformed all other and prior employees in her job, met or exceeded all expectations, was never written up or disciplined or otherwise advised or warned that there was any issue with her work performance, let alone any issue that would warrant her termination.

15. Plaintiff's termination was wrongful, the reasons given by Defendant were pretextual and the true reason for her termination was because she had expressed her intent to become pregnant and have another child.

16. Plaintiff was immediately replaced by another female, who upon information and believe was far less qualified than Plaintiff and who it is believed expressed to Defendant that she had no intention of becoming pregnant or having children.

17. All conditions precedent have been satisfied and/or waived.

18. Specifically, on or about October 5, 2017 SPEAKMAN filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations alleging she was discriminated against on the basis of sex and her intentions to become pregnant, a copy of which is attached as Exhibit "A".

19. The EEOC investigated those allegations and issued a Right to Sue Notice on April 30, 2018, a copy of which is attached hereto as Exhibit "B".

20. SPEAKMAN has retained the undersigned counsel/firm to represent her in this matter and agreed to pay a reasonable fee.

**COUNT I - Pregnancy Discrimination – Florida Civil Rights Act**

21. The allegations in paragraphs 1 through 20 are reasserted herein.

22. This is a claim for damages and injunctive relief under the Florida Civil Rights Act of 1992, Fla. Stat. 760 *et seq.*, for sex and pregnancy discrimination.

23. Plaintiff has complied with all conditions precedent to the filing of this claim as required under Florida Statutes, Chapter 760. A Charge of Discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission in a deferral State within 300 days of the alleged unlawful employment practice. The charge was thus dual filed with the Florida Commission on Human Relations. Plaintiff has filed this suit within four years of the

discriminatory acts, after the charge has been pending with FCHR for more than 180 days. All administrative prerequisites have been satisfied and this suit is timely filed.

24. Plaintiff's sex and her expressed intentions to become pregnant were motivating factors in Defendant's decision to terminate her employment. Moreover, Plaintiff would not have been terminated but for her sex and prospective condition associated with her attempts to become pregnant. Any other reasons Defendant articulates for the termination are deliberately pretextual.

25. The above described discrimination was done by Defendant intentionally, willfully and maliciously and with a reckless disregard for Plaintiff's rights. As a result, Plaintiff has suffered damages.

26. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

27. As a further direct and proximate result of Defendant's violation of the FCRA, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorneys' fees and costs be awarded pursuant to Florida law.

28. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious

disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff is further informed and believes that Defendant through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

29. Plaintiff has been compelled to retain the services of counsel in an effort to remedy the discrimination she suffered in her employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorneys' fees and costs be awarded pursuant to Florida law

WHEREFORE, Plaintiff demands judgment against Defendant in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, injunctive relief and reinstatement, prejudgment interest, attorney's fees and costs, punitive damages, and any other such relief that the Court deems appropriate.

## COUNT II
### Pregnancy Discrimination - Title VII/Pregnancy Discrimination Act

30. The allegations in paragraphs 1 through 20 are reasserted herein.

31. This is a claim for damages and injunctive relief under the Pregnancy Discrimination Act, Title VII/PDA of the Federal Civil Rights Act of 1964 as amended., for sex and pregnancy discrimination.

32. Plaintiff has complied with all conditions precedent to the filing of this claim as required under Title VII/PDA of the Federal Civil Rights Act of 1964 as amended. All administrative prerequisites have been satisfied and this suit is timely filed.

33. Plaintiff's sex and her expressed intentions to become pregnant were motivating factors in Defendant's decision to terminate her employment. Moreover, Plaintiff would not have been terminated but for her sex and intended condition associated with attempts to become pregnant. Any other reasons Defendant articulates for the termination is deliberately pretextual.

34. The above described discrimination was done by Defendant intentionally, willfully and maliciously and with a reckless disregard for Plaintiff's rights. As a result, Plaintiff has suffered damages. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring her. Plaintiff is further informed and believes that Defendant through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of their employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

36. Plaintiff has been compelled to retain the services of counsel in an effort to remedy the discrimination/retaliation she suffered in her employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which

are presently unknown to Plaintiff. Plaintiff requests that attorneys' fees and costs be awarded pursuant to Federal law.

WHEREFORE, Plaintiff demands judgment against Defendant in the form of economic damages, back pay and front pay, compensatory and emotional distress damages, injunctive relief and reinstatement, prejudgment interest, attorney's fees and costs, punitive damages, and any other such relief that the Court deems appropriate.

### DEMAND FOR TRIAL BY JURY

Pursuant to Fla.R.Civ.P. 1.430(b), Plaintiff hereby demands a trial by jury on all issues triable of right by a jury.

> CHRISTOPHER C. COPELAND, P.A.
> 824 W. Indiantown Road, Jupiter, FL 33458
> Primary e-mail: Chris@CopelandPA.com
> Secondary e-mail: Carla@CopelandPA.com
> 561-691-9048 (office); 866-259-0719 (fax)
>
> /s/ Christopher C. Copeland
> CHRISTOPHER C. COPELAND, ESQ.
> Florida Bar #938076
> *Attorney for Plaintiff*

# EXHIBIT "A"

Received
OCT 05 2017

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented to: EEOC Miami District Office<br>___ FEPA<br>_X_ EEOC | Agency(ies) Charge No(s):<br>510-2018-00073 |
|---|---|---|

Florida Commission on Human Relations (FCHR) and EEOC
*State or local Agency, if any*

| Name (*indicate Mr. Ms. Mrs.*)<br>Chloe Speakman | Home Phone (Incl. Area Code)<br>561-358-9809 | Date of Birth<br>02/11/1987 |
|---|---|---|
| Street Address<br>126 Cape Pointe Circle, | City, State and ZIP Code<br>Jupiter, Florida 33458 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>The Breakers Palm Beach, Inc. | No. Employees, Members<br>100+ | Phone No. (Include Area Code)<br>877-724-4058 |
|---|---|---|
| Street Address<br>One South County Road, | City, State and ZIP Code<br>Palm Beach, FL 33480 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (*Check appropriate box(es).*)<br><br>___ RACE  ___ COLOR  _x_ SEX  ___ RELIGION  ___ NATIONAL ORIGIN<br>___ RETALIATION  ___ AGE  ___ DISABILITY  _x_ OTHER (*Specify below.*) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest                    Latest<br>Feb 2016              September 22, 2017<br><br>_x_ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):
Within the last year my employer made various discriminatory remarks regarding a pregnant employee who was out on maternity leave; on one occasion saying, "we are stuck with her now; we either deal with her or push her down the stairs". He continuously expressed his frustration about having this employee on maternity leave. Around the same time, we had a conversation where I disclosed that my husband and I were considering expanding our family and having another baby. My boss's response was that he did not believe that was a good idea. I waited until the pregnant employee returned from maternity leave and then proceeded to let my boss know that my husband and I were going to start trying to have another baby immediately. Two weeks later, I was suddenly terminated by him and told that it was due to work performance issues. This cannot be true as I have excelled in my position and my sales have exceeded those of the person who held the position before me. I strongly believe that I was terminated because of my plans to become pregnant and/or take maternity leave.

I believe I have been discriminated against by the above named employers and retaliated against in violation of Title VII of the Civil Rights Act as amended, The Pregnancy Discrimination Act, as amended, The Florida Civil Rights Act, as amended and any other law that prevents discrimination because of sex or pregnancy.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9/29/17        *[signature]*<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

NOT A CERTIFIED COPY

# EXHIBIT "B"

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Chloe Speakman<br>126 Cape Pointe Circle<br>Jupiter, FL 33458 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2018-00073 | **MICHAEL S. MATHELIER,**<br>Investigator | (305) 808-1797 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Nitza Santo Wright*
for MICHAEL J. FARRELL,
District Director

APR 30 2018
*(Date Mailed)*

Enclosures(s)

cc:  Kristy Pressly, General Counsel
THE BREAKERS PALM BEACH, INC
1 S. County Rd
Palm Beach, FL 33480

Chris Copeland
CHRISTOPHER COPELAND
824 W. Indiantown Road
Jupiter, FL 33458

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

Civil Division

CASE NO. _____

CHLOE SPEAKMAN,

    Plaintiff(s),
vs.

THE BREAKERS OF PALM BEACH, INC.,

    Defendant.
_____/

**SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the Complaint in this action on Defendant:

THE BREAKERS OF PALM BEACH, INC.
c/o Registered Agent, D. Kristen Pressley, Legal

**at:** 40 Cocoanut Row
Palm Beach, FL  33480

**or at:** One South County Road
Palm Beach, FL  33480

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney to wit: Christopher C. Copeland, Esq., 824 W. Indiantown Road, Jupiter, FL  33458 (561/691-9048) (primary e-mail: Chris@CopelandPA.com; secondary e-mail: Carla@CopelandPA.com) within 20 days after service of this summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter.  If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

Dated on  **Jul 17 2018** , 2018.

SHARON R. BOCK
Clerk of the Court

By_____
Deputy Clerk
Ashley Meriweather

Filing # 75417237 E-Filed 07/24/2018 03:06:00 PM

# RETURN OF SERVICE

State of Florida  County of Palm Beach  15th Circuit Court

Case Number: 502018CA008978XXXXMB

ROC2018015230

Plaintiff:
CHLOE SPEAKMAN

vs.

Defendant:
THE BREAKERS OF PALM BEACH, INC.

For:
Christopher Copeland
Christopher C. Copeland P.A.
824 W. Indiantown Road
Jupiter, FL 33458

Received by Elizabeth Bockmeyer on the 19th day of July, 2018 at 10:52 am to be served on The Breakers of Palm Beach, Inc. c/o Registered Agent, D. Kristen Pressley, Legal, 40 Coconut Row, Palm Beach, FL 33480.

I, Elizabeth Bockmeyer, do hereby affirm that on the 20th day of July, 2018 at 11:16 am, I:

**CORPORATE REGISTERED AGENT EMPLOYEE:** served by delivering a true copy of the Summons, and Complaint with Exhibits A-B with the date and hour of service endorsed thereon by me, to: **Alina Malik** who is an employee for the Registered Agent for **The Breakers of Palm Beach, Inc.** at the address of **40 Coconut Row, Palm Beach, FL 33480**, and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081(3)(a) or other state statute as applicable after having first made an attempt during registered agent hours and the registered agent not being available.

**Description of Person Served:** Age: 30, Sex: F, Race/Skin Color: White, Height: 5'7", Weight: 130, Hair: Black, Glasses: Y

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true. I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the county in which service was effected in accordance with State Statutes.

Elizabeth Bockmeyer
Process Server-1156

Rock Legal Services & Investigations Inc
2048 Ponce De Leon Avenue
West Palm Beach, FL 33407
(561) 296-7574

Our Job Serial Number: ROC-2018015230
Ref: Speakman v. The Breakers; Case No. 50201

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

*** FILED: PALM BEACH COUNTY, FL  SHARON R BOCK, CLERK.  07/24/2018 12:26:16 PM ***